UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-8090-CR-MIDDLEBROOKS

NIGHT BOX
FILED

SEP 28 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
KEVIN INGRAM                    )
                                )
        Defendant.              )
_____)

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
AND PRELIMINARY ORDER OF FORFEITURE

Plaintiff, the United States of America ("United States") moves for entry of judgment and the preliminary order of forfeiture pursuant to 18 U.S.C. § 982, 21 U.S.C. §853 and Fed. R. Crim. P. 32.2. In support, the United States submits that:

1. On August 28, 2001, Kevin Ingram, ("defendant") pled guilty to the charge of conspiracy to commit money laundering as alleged in Counts 1 of the Indictment, in violation of Title 18 U.S.C. §1957. As part of the plea agreement the defendant agreed to forfeit $185,000 which sum represents property involved in or traceable to a violation of Count 1 of the indictment.

2. Rule 32.2, Federal Rules of Criminal Procedure allows this Court to enter a preliminary order of forfeiture "at sentencing or at any time before sentencing if the defendant consents." In the present

case the defendant agreed in the plea agreement to immediately forfeit his interest in $185,000.

4. Title 18 U.S.C. § 982(b)(1) provides that in money laundering forfeitures such as this case, the procedures of 21 United States Code §853(g) shall govern. Section 853(g) provides:

> Upon entry of an order of forfeiture under this section the court **shall** authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (Emphasis added).

5. Pursuant to 18 U.S.C. §982, 21 U.S.C. §853(g) and Fed. R. Crim. P. 32.2, the United States requests that the Court enter the attached-preliminary order of forfeiture.

## ASSET SOUGHT TO BE FORFEITED

6. Accordingly, the United States requests that this Court enter an order forfeiting the defendant's interest in the aforementioned $185,000.

## NOTIFICATION PROCEDURE

7. After the entry of the judgment and preliminary order of forfeiture, the United States shall promptly commence the notification

and publication process required by 21 U.S.C. §853(n)(1). If any third party claims or petitions are filed with the Court within the applicable period, the United States shall apply to the Court to take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

8.  The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32(d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

**WHEREFORE**, the United States requests the entry of the attached

Judgment and Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. §853.

                                                Respectfully submitted,

                                                GUY A. LEWIS
                                                UNITED STATES ATTORNEY

By: _____
                                                MARK W. LESTER
                                                ASSISTANT U.S. ATTORNEY
                                                500 AUSTRALIAN AVE., SUITE 400
                                                WEST PALM BEACH, FLORIDA 33507
                                                Fla. Bar No. 851620
                                                Tel: (561)820-8711
                                                Fax: (561)659-4526

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 28th day of September, 2001, to:

Richard Lubin, Esq.
Flagler Plaza
1217 S Flagler Drive
2nd Floor
West Palm Beach, FL 33401-6706

_____
MARK W. LESTER
ASSISTANT U.S. ATTORNEY